UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07587-FMO-DMK | Date | November 5, 2026 |
| Title | *Roberto Ordonez Martinez v. Warden T. Valdez* | | |

| | |
|---|---|
| Present: The Honorable | Diana M. Kwok, United States Magistrate Judge |

| | |
|---|---|
| K. Lozada | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
| None present | None present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISS UNTIMELINESS**

On July 10, 2026, Petitioner Roberto Ordonez Martinez, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. ECF 1. The Petition appears to be barred by the statute of limitations. This procedural defect must be addressed by Petitioner so the Court may determine whether he will be permitted to proceed with this action.

## I. INTRODUCTION AND BACKGROUND

As an initial matter, the Petition consists of three separate habeas petitions, each submitted on this Court's Form CV-69 and each executed on a different date: June 27, 2026 (*id.* at 1–8); June 29, 2026 (*id.* at 17–24); and July 1, 2026 (*id.* at 9–16). These are followed by documents prepared on United States Supreme Court forms for a petition for writ of certiorari, including a motion and declaration to proceed *in forma pauperis*. *Id.* at 25–43. Because the three petitions challenge the same state court judgment, the Court will construe them as a single petition.

The Petition challenges Petitioner's conviction in Los Angeles County Superior Court Case No. BA453295-01. *See* ECF 1. On April 3, 2018, a jury convicted Petitioner of one count of oral copulation or sexual penetration with a child 10 years old or younger, in violation of California Penal Code § 288.7(b) and two counts of lewd or lascivious acts with a child under 14 years, in violation of California Penal Code § 288(a).[1] *See People v. Ordonez Martinez,* No. BA 453295-01 (L.A. Cnty. Super. Ct.). Petitioner was sentenced on June 11, 2018. *Id.*

[1] The dates of the conviction and sentence, and the number of counts of conviction, are taken from the Superior Court's online docket, of which the Court takes judicial notice. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). The Petition by contrast, describes the conviction as two counts, incorrectly lists the date of conviction as September 10, 2018, and, in two of the three Petitions, lists the date of sentence as July 25, 2018. ECF 1 at 2, 10, 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07587-FMO-DMK | Date | November 5, 2026 |
| Title | *Roberto Ordonez Martinez v. Warden T. Valdez* | | |

On June 14, 2018, Petitioner filed a notice of appeal to the California Court of Appeal. *See People v. Ordonez-Martinez*, No. B290684 (Cal. Ct. App.)[2].

Interpreted liberally, the Petition appears to allege the following claims: (1) that Petitioner was arrested and questioned without an attorney present and without being advised of his rights (ECF 1 at 5–6, 13, 22); (2) a due process violation based on insufficient evidence (*id.* at 6, 14, 21–22); (3) an equal protection claim that Petitioner was arrested and prosecuted because he is Latin American (*id.* at 6, 22) and; (4) actual innocence (*id.* at 6).

## I. SCREENING REQUIREMENT

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see Neiss v. Bludworth*, 114 F.4th 1038, 1041, 1045 (9th Cir. 2024).

## II. DISCUSSION

### A. THE PETITION IS UNTIMELY AND IS SUBJECT TO DISMISSAL

#### 1. The Petition is Facially Untimely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1)(A)6. The period ordinarily runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

For petitioners whose appeals are denied by the state's highest court, their judgments become final when the 90-day period for seeking certiorari review in the United States Supreme Court expires. *See Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir. 1999) ("The period within which [petitioner] could have sought direct review of his conviction therefore included the ninety-day period within which [petitioner] could have filed a petition for writ of certiorari from the United States Supreme Court."). Thus, the one-year AEDPA statute of limitations begins to run on the date that 90-day review period expires. *Id.*

Here, the Petition appears untimely on its face. First, the Petition is unclear as to whether Petitioner appealed his conviction to the California Court of Appeal. While the Petition indicates that

[2] The Notice of Appeal date is taken from the California Court of Appeal's online docket, of which the Court takes judicial notice. *See* Fed. R. Evid. 201(b)(2).

Petitioner appealed his conviction and that it was denied, it does not provide the appellate case number or the date of the denial. *See* ECF 1 at 2–3, 10, 18. Instead, the case number Petitioner provides for his appeal is the Superior Court case number *Id.* at 2, 18.

Second, nothing in the Petition suggests that Petitioner sought any further review of his conviction. The Petition states that Petitioner did not seek review in the California Supreme Court, *id.* at 3, 11, 19, and with respect to all but one of his claims, Petitioner indicates that the claim was not raised on appeal. *Id.* at 5–7, 13–15, 21–23. Petitioner further states that "[a]ll the grounds were not previously presented because no one care[s] or listen[s] [with] what I have to say and they didn't let me talk or speak." *Id.* at 15; *see also id.* at 23.

Petitioner was sentenced about seven years before he filed the instant action. Nothing on the face of the Petition suggests that Petitioner's judgment just recently became final within the year that he filed this action.

Indeed, a search of the California Court of Appeal website shows that Petitioner filed his direct appeal on November 11, 2018, and the Court of Appeal issued a decision on March 28, 2019. *See People v. Ordonez-Martinez*, Case No. B290684 (Cal. Ct. App. 2019). The Appellate Court affirmed the judgment.[3] On April 29, 2019, Petitioner appealed to the California Supreme Court, which summarily denied review on June 12, 2019. *People v. Ordonez-Martinez*, Case No. S255459 (Cal. 2019). Thus, the 90-day period during which Petitioner could file a petition for writ of certiorari in the United States Supreme Court expired multiple years before this action was filed.

The Court's search did not find a petition for writ of certiorari filed by Petitioner. As a result, the Petition is untimely unless Petitioner establishes tolling is applicable or some other commencement date is appropriate.

2. Statutory Tolling Does Not Render the Petition Timely

AEDPA's limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Allen v. Siebert*, 552 U.S. 3, 4 (2007) (per curiam) (quoting 28 U.S.C. § 2244(d)(2)). This provision tolls the statute of limitations for the time during which a state prisoner is attempting, through proper use of state

[3] The Court of Appeal affirmed the judgment, but upon remand, instructed the lower court to "exercise its discretion whether to impose consecutive or concurrent sentences on the two counts of lewd act upon a child." *Id.* The Superior Court's online docket indicates there was a remittitur filed and a hearing after remittitur, but does not provide information on the outcome. *See People v. Ordonez Martinez*, No. BA 453295-01 (L.A. Cnty. Super. Court). However, it does not affect the conclusion here because the filed remittitur and hearing after remittitur took place in 2019—about seven years before this action was filed.

court procedures, to exhaust state court remedies. *See id*. It is the petitioner who "bears the burden of proving that the statute of limitations was tolled." *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).

Here, Petitioner has not met that burden. As discussed above, the Petition does not make it clear whether Petitioner appealed his conviction or sought any other collateral review in state court. Although the court records reflect that the California Supreme Court summarily denied review on June 12, 2019, there is no indication Petitioner filed any state habeas petition before the limitation period expired years ago. As such, based on the face of the Petition and the court records, Petitioner is not entitled to statutory tolling.

3. <u>Equitable Tolling Does Not Render the Petition Timely</u>

Equitable tolling can also extend the one-year AEDPA deadline to file a federal habeas petition. *See Holland v. Florida*, 560 U.S. 631, 634 (2010) (holding "that the timeliness provision in the federal habeas corpus statute is subject to equitable tolling"). A petitioner is entitled to equitable tolling only if he shows: "(1) [T]hat [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418; *see also Holland*, 560 U.S. at 649 (applying *Pace* standard). The Petitioner must further "show that the 'extraordinary circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Indeed, "[t]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted).

Here, Petitioner has not shown that he is entitled to equitable tolling. Petitioner alleges that he "did not know what to do and with this case my life and my family is in danger so I couldn't ask for help until this moment because they haven't assigned me a cellmate yet." ECF 1 at 11. These allegations are insufficient for several reasons.

First, to the extent Petitioner contends that he did not know how to proceed, it is established that a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Second, Petitioner's general assertion that he and his family were in danger does not explain how that danger prevented him from filing a federal habeas petition before the statute of limitations expired. *See* ECF 1 at 11. Petitioner also does not explain how being housed without a cellmate enabled him to file. *See id.* In the absence of any facts linking these circumstances to his untimeliness, Petitioner cannot establish that they were the cause of his untimeliness. Finally, Petitioner does not allege any facts showing that he pursued his rights diligently. As such, Petitioner is not entitled to equitable tolling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-07587-FMO-DMK | Date | November 5, 2026 |
|---|---|---|---|
| Title | *Roberto Ordonez Martinez v. Warden T. Valdez* | | |

4. Actual Innocence Exception

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass . . . [despite] the impediment [of] . . . expiration of the statute of limitations." *McQuiggin v Perkins*, 569 U.S. 383, 386 (2013); *see also Lee v. Lampert*, 653 F.3d 929, 934–37 (9th Cir. 2011) (en banc). But "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 569 U.S. at 386. The *Schlup* standard is "demanding" and "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup v Delo*, 513 U.S. 298, 327 (1995). The evidence of actual innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316.

In particular, the petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" – showing that "a constitutional violation has probably resulted in [his] conviction." *Id.* at 324, 327 (citation omitted) (recognizing that "[b]ecause such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful"). "New" evidence is "relevant evidence that was either excluded or unavailable at trial." *Id.* at 327–28. Once a petitioner presents such evidence, the habeas court must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee*, 653 F.3d at 938 (citing *House*, 547 U.S. at 538). In sum, the petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.

Here, Petitioner has failed to plead facts sufficient to meet the *Schlup* standard. The Petition does not identify any new evidence in support of his asserted innocence. Because there is no indication that any new evidence exists in the Petition, Petitioner cannot pass through the actual innocence gateway, such that the untimeliness of the Petition may be excused.

## III. CONCLUSION

For the foregoing reasons, the Petition is subject to dismissal. The Petitioner is therefore ORDERED TO SHOW CAUSE in writing by no later than **November 30, 2026**, as to why the Petition should not be dismissed because it is untimely.

Instead of filing a response to the Order to Show Cause, Petitioner may request to dismiss the action voluntarily pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience. However, the Court warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1). 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-07587-FMO-DMK | Date | November 5, 2026 |
| Title | *Roberto Ordonez Martinez v. Warden T. Valdez* | | |

Petitioner is warned that his failure to timely respond to this Order will result in the Court dismissing this action as untimely and for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**